UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
BUCKSKIN REALTY, INC.,

      Plaintiff/Appellant,

  -against-                  **MEMORANDUM AND ORDER**
                                    Case No. 18-CV-3166 (FB)
MARK D. GREENBERG and         Case No. 18-CV-3886 (FB)
GREENBERG & GREENBERG,

      Defendants/Appellees.
-------------------------------------------------x

*Appearances:*
*For the Appellant:*                       *For the Appellees:*
FREDERICK CAINS                   A. MICHAEL FURMAN
430 East 86th Street                   SHARI D. SCKOLNICK
New York, New York 10028        Furman Kornfeld & Brennan LLP
                                                      61 Broadway, 26th Floor
                                                     New York, New York 10006

**BLOCK, Senior District Judge:**

      Buckskin Realty, Inc. ("Buckskin") appeals two orders of the bankruptcy court issued in connection with Buckskin's adversary proceeding against Mark D. Greenberg and Greenberg & Greenberg (collectively, "Greenberg"). For the following reasons, the Court affirms both orders.

I

      Buckskin owned two lots in a gated community in Greene County, New York. In 2012, the community's homeowners association obtained a judgment of foreclosure and sale for unpaid common charges. The lots were sold on January 8,

2013.

The loss of the lots led Buckskin to declare bankruptcy. It further led Buckskin to sue Greenberg, its former attorney in the foreclosure proceeding, for malpractice. The suit was brought as an adversary proceeding in the bankruptcy court.

Greenberg moved to dismiss for failure to state a claim. The bankruptcy court granted the motion to dismiss and, on April 11, 2017, dismissed the complaint. Buckskin timely moved for reconsideration on April 25, 2017. The bankruptcy court denied the motion on January 11, 2018.

Buckskin did not file any notices of appeal. Instead it filed a second motion for reconsideration on January 25, 2018. It simultaneously moved for leave to file an amended complaint. The bankruptcy court denied the motion for leave to amend on May 8, 2018, and denied the second motion for reconsideration on May 18, 2018.

Buckskin timely appealed both orders. The appeal of the order denying leave to amend was assigned Case No. 18-CV-3166. The appeal of the order denying the second motion for reconsideration was assigned Case No. 18-CV-3886.

**II**

**A.    Scope of Review**

At the outset, it should be noted that neither of Buckskin's notices of appeal brings the bankruptcy court's dismissal order up for review.    Under Federal Rule of Bankruptcy Procedure 8002(a)(1), a notice of appeal must be filed "within 14 days after entry of the judgment, order, or decree being appealed."    Rule 8002(b)(1) tolls the time for appeal pending disposition of certain motions:

> If a party files in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (A) to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;
>
> (B) to alter or amend the judgment under Rule 9023;
>
> (C) for a new trial under Rule 9023; or
>
> (D) for relief [from judgment] under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

Buckskin's April 25, 2017 motion for reconsideration was a timely motion to alter or amend the April 11, 2017 dismissal order.    *See* Fed. R. Bankr. P. 9023 ("A motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment.").    Therefore, the time to appeal started to run when the bankruptcy court denied the motion on January 11, 2018, and expired

fourteen days later, on January 25, 2018.

As noted, Buckskin filed a second motion for reconsideration and a motion for leave to amend on that date, but not a notice of appeal. The motion for leave to amend had no effect on the time to appeal because such motions are not listed in Rule 8002(b)(1). The second motion for reconsideration had no effect either, because successive motions do not reset the clock. *See Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) ("We will not create a rule that encourages the filing of motions merely to extend the notice-giving period; to do so would allow a party to extend the period for filing an appeal indefinitely.").[1]

In sum, the time to appeal the dismissal order expired on January 25, 2018. No notice of appeal having been filed by that date, it is beyond the scope of the Court's appellate review.

**B.  Bankruptcy Court's Jurisdiction**

In an attempt to obtain review of the dismissal order, Buckskin argues that the bankruptcy court lacked jurisdiction to enter it because its malpractice action was

---

[1]Buckskin's second motion for reconsideration was denominated a "motion to alter/amend [j]udgment" but cited Federal Rule of Bankruptcy Procedure 7052, which deals with motions for amended or additional findings of fact after a bench trial. Since the bankruptcy court ruled on a motion to dismiss, there was no basis for a Rule 7052 motion. *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ."). In any event, the motion—whatever its basis—was untimely and successive.

4

not a core proceeding. A proceeding is "core" if it involves either "substantive rights created by federal bankruptcy law," or a right that is not created by bankruptcy law, but that nevertheless "would have no existence outside of the bankruptcy." *In re Robert Plan Corp.*, 777 F.3d 594, 596-97 (2d Cir. 2015) (internal quotation marks omitted).

The core/non-core distinction affects the district court's review. Under 28 U.S.C. § 157(b), an order or judgment entered by a bankruptcy court in a core proceeding is subject to appeal to the district court. *See id.* As explained in the previous section, Buckskin did not timely appeal the dismissal order.

For a non-core proceeding, by contrast, a bankruptcy court "shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." *Id.* § 157(c)(1). Moreover, in *Stern v. Marshall*, 564 U.S. 462 (2011), the Supreme Court held that a bankruptcy court cannot constitutionally adjudicate a matter unless it is "integral to the restructuring of the debtor-creditor relationship." *Id.* at 497 (quoting *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990)). Buckskin argues, in essence, that its malpractice claim can only be adjudicated by the Court.

Importantly, however, the parties can confer plenary jurisdiction on the bankruptcy court by consent. *See* 28 U.S.C. § 157(c)(2). That consent need not be express. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948 (2015). In other words, the Supreme Court regards consent in this context "as a form of waiver." *In re Kirwan Offices S.à.r.l.*, 592 B.R. 489, 512 n.5 (S.D.N.Y. 2018). Therefore, waiver "can also support a finding that bankruptcy court has the constitutional adjudicatory authority to enter a final order." *Id.* at 512. In sum, "[a] party can waive his right to adjudication of non-core matters before an Article III judge by failing to press his *Stern* challenge throughout a bankruptcy proceeding." *Id.*

Buckskin never challenged the bankruptcy court's jurisdiction in the bankruptcy proceeding. It has, therefore, clearly waived its challenge. Having implicitly consented to the bankruptcy court's authority to enter a final order on its malpractice claim, it cannot now argue that the order is merely a recommendation to the Court.

**C. The Merits**

Although Buckskin's second motion for reconsideration and motion for leave to file an amended complaint did not toll the time to appeal the dismissal order, they were not nullities. Thus, the bankruptcy court addressed them on the merits.

Since Buckskin filed a notice of appeal within fourteen days of each order, they are properly before the Court on appeal.

The second motion for reconsideration consisted exclusively of rearguments, new arguments, and disagreements with the bankruptcy court's analysis. The bankruptcy court correctly denied the motion. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" (internal quotation marks omitted)).

With respect to the motion for leave to file an amended complaint, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court "may exercise its discretion [to grant leave] more exactingly" when the request comes after the original complaint has been dismissed. *State Trading Co. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990). Thus, "[u]nless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991). Since Buckskin did not timely appeal the dismissal order, there is no valid basis to vacate it. Therefore, there is no basis for granting leave to amend.

**III**

The bankruptcy court's order denying Buckskin's second motion for reconsideration and its order denying Buckskin's motion for leave to file an amended complaint are both affirmed. The clerk shall file this Memorandum and Order in both cases listed in the caption.

**SO ORDERED.**

                                          /S/ Frederic Block
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
September 30, 2019